UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Allen Jackson, #178827, | ) | C/A No. 3:12-1730-SB-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Allen Jackson ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Petitioner is a prisoner incarcerated at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges he was convicted by a jury of murder and armed robbery on July 31, 1991, in the Richland County Court of General Sessions, and he received a life sentence of imprisonment on the murder count and twenty-five years on the armed robbery count. Pet. 1, ECF No. 1. In his effort to have his conviction set aside and to be released from custody, Petitioner filed this action raising several grounds for relief, including ineffective assistance of counsel and subject matter jurisdiction. Pet. 5–9. Petitioner alleges he filed a prior habeas corpus action in this Court, he thereafter filed a motion to voluntarily withdraw his petition without prejudice to permit him to exhaust his claims, and it was dismissed so that he could exhaust the unexhausted issues. Pet. 11–12. Further, apparently Petitioner alleges that this action should be considered timely filed for the following reasons: his first § 2254 action was timely filed; during his return to the state courts

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

in order to fully exhaust his claims, the State caused at least three years of the delay due to certain errors on its part; the State may have purposefully created a procedural hurdle so the issues would never be addressed by the federal court; and, he did not know that the one-year limitations period could expire during the time he was exhausting his claims in state court. Pet. 13–14.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if Petitioner had paid the full filing fee, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any

2

attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).

Discussion

This Court takes judicial notice that Petitioner filed a § 2254 habeas corpus action in this Court on December 4, 2001, wherein he attacked the same conviction. *See* Report and Recommendation, *Jackson v. Harrison*, C/A No. 3:01-4605-HMH-JRM (D.S.C. Sept. 13, 2002) ("*Jackson I*"), ECF No. 19. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Jackson I*, after the respondent filed a motion for summary judgment, Petitioner filed a motion to withdraw his petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), because he apparently believed that he had filed a mixed petition of exhausted and unexhausted claims. Report and Recommendation, C/A No. 3:01-4605-HMH-JRM (D.S.C. Sept. 13, 2002), ECF No. 19. The undersigned found that none of Petitioner's grounds for relief had been presented to the South Carolina Supreme Court for review, he had not shown cause and prejudice to overcome the procedural bar, and it appeared that he would be barred from raising his claims in a successive PCR application. *Id.* The undersigned recommended that Petitioner's motion to withdraw be denied and the respondent's motion for summary judgment be granted. *Id.* This Court denied Petitioner's motion to withdraw his petition. Order, C/A No. 3:01-4605-HMH-JRM (D.S.C. Oct. 17, 2002), ECF No. 20. Further, this Court granted the respondent's motion for summary judgment. Amended Order, C/A No. 3:01-4605-HMH-JRM (D.S.C. Nov. 4, 2002), ECF No. 23.

3

Although Petitioner may believe that his first § 2254 action was dismissed without prejudice to permit him to return to state court to exhaust his unexhausted claims, this Court's orders in *Jackson I* reveal that Petitioner's belief is unfounded and he is mistaken. Petitioner's prior § 2254 action was decided on the merits because summary judgment was granted to the respondent. *See Stoudemire v. McCabe*, C/A No. 2:12-111-JFA-BHH, 2012 WL 1038771, at *1 (D.S.C. March 29, 2012) (indicating that where the prior petition resulted in summary judgment for the respondent the second petition was successive); *Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Thus, this action should be dismissed because it is successive to Petitioner's first § 2254 action, and it appears that Petitioner has not received permission from the Fourth Circuit Court of Appeals to file this action in this Court. *Cf. Slack v. McDaniel*, 529 U.S. 473, 487–88 (2000) (after a habeas petition is dismissed for failure to exhaust state remedies, upon the petitioner's return to federal court after exhaustion the petition is not a successive petition). Petitioner is required to move in the Court of Appeals for an order to authorize the district court to consider a successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3). On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

4

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277, 278 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[2] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## Recommendation

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice and without requiring Respondent to file an answer or return. Petitioner's attention is directed to the important notice on the next page.

July 27, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

---

[2] Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).