IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC
2012 AUG 22 A 9: 10

Allen Jackson, #178827, )
)
        Petitioner, )
) Civil Action No. 3:12-1730-SB
v. )
) **ORDER**
Warden Stevenson, )
)
        Respondent. )
_____)

This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 27, 2012, the Magistrate Judge issued a report and recommendation ("R&R") analyzing the issues and recommending that the Court dismiss the petition as an improper successive petition. Attached to the R&R was a notice advising the Petitioner of the right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R. To date, no objections have been filed.



Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Petitioner did not file any specific, written objections, there are no portions of the R&R to which the Court must conduct a de novo review. Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 11) is adopted and incorporated herein, and the Petitioner's section 2254 petition is dismissed without prejudice.

IT IS SO ORDERED.

_____
Sol Blatt, Jr.
Senior United States District Judge

August **21**, 2012
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2)-(3). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the prisoner's constitutional claims is debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.