IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2012 NOV 21  P 2: 23

Allen Jackson, #178827,          )
                                 )
            Petitioner,          )
                                 )   Civil Action No. 3:12-1730-SB
v.                               )
                                 )            **ORDER**
Warden Stevenson,                )
                                 )
            Respondent.          )
_____)



This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 27, 2012, the Magistrate Judge issued a report and recommendation ("R&R") analyzing the issues and recommending that the Court dismiss the petition as an improper successive petition. Attached to the R&R was a notice advising the Petitioner of the right to file specific, written objections to the R&R within fourteen days of the date of service. When the Petitioner failed to file timely objections, this Court entered an order on August 22, 2012, adopting the R&R and dismissing the petition without prejudice.

On September 6, 2012, the Court received a letter from the Petitioner, wherein he stated that he never received the R&R. The Petitioner asked the Court to send him another copy of the R&R and to grant him additional time to file objections. In a text order entered on September 11, 2012, the Court vacated its order adopting the R&R and dismissing the petition and granted the Petitioner additional time to file objections.

The time for filing objections expired on or about September 25, 2012, but in a filing post-marked September 28, 2012, the Petitioner requested additional time to file objections

and asserted that he does not have a copy of the summary judgment order entered in his previous case (Civil Action No. 3:01-4605, Entry 23), which was referred to by the Magistrate Judge in this case. The Court granted the Petitioner's request in an order filed October 17, 2012, and instructed the Petitioners to file his objections by November 5, 2012. Along with a copy of the October 17 order, the Court mailed to the Petitioner a copy of the order granting summary judgment in Civil Action No. 3:01-4605 (Entry 23).

On October 26, 2012, the Court received a letter from the Petitioner, wherein he states:

> Am writing to inform you that after reviewing the summary judgment order that you attached to your order date October 17, 2012 granting me an extension of time to file objection to Magistrate R&R, I mailed the U.S. Court of Appeals for the Fourth Circuit for application to authorize me to file second or successive habeas application.

(Entry 22 at 1.) The Petitioner has not filed any objections to the R&R, and based on his October 16 letter to the Court, it appears that he is in the process of requesting permission from the Fourth Circuit to file a second or successive habeas corpus petition. As the Magistrate Judge noted in the R&R, until the Petitioner has received permission to file a second or successive petition, this Court is without jurisdiction to entertain one. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 11) is adopted, and this action is dismissed *without prejudice*. Should the Petitioner receive authorization from the Fourth Circuit to file a second or successive petition, he may at that time raise the claims presented in this action.

Sol Blatt, Jr.
Senior United States District Judge

November 20, 2012
Charleston, South Carolina

2

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2)-(3). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the prisoner's constitutional claims is debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4 th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.